IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY McBRIDE                                                                    PLAINTIFF

v.                                       No: 4:20-cv-01507 KGB-PSH

DOES                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Background

Plaintiff Anthony McBride filed a *pro se* complaint on December 28, 2020, while incarcerated at the Pulaski County Detention Facility (Doc. No. 2). The Court granted McBride's application to proceed *in forma pauperis* and directed him to identify the defendants and provide valid service addresses for them (Doc. No. 3).

McBride filed a motion to amend his complaint, indicating that he wished to sue the Pulaski County Jail and Turnkey nurses (Doc. No. 4). The Court denied his motion to amend because he did not identify or name any specific individuals who may have violated his constitutional rights (Doc. No. 5). He was given until February 28, 2021, to provide valid service addresses for individuals. *Id.* He did not do so, and his mail was returned as undeliverable. *See* Doc. No. 6. The Court ordered him to update his address by March 6, 2021. *See* Doc. No. 7. On March 8, 2021, Magistrate Judge Beth Deere recommended that McBride's claims be dismissed for failure to prosecute his case (Doc. No. 9).

On April 20, 2021, McBride updated his address and listed additional facts regarding his case. *See* Doc. No. 11. He filed several other statements, notices, and addendums. S*ee* Doc. Nos. 12, 15-17. In each, he indicated that he was suing the Pulaski County Jail and Turnkey Health Clinic. In some of these filings, he mentioned other individuals by name, but it is unclear if he intended to sue those individuals or was merely providing background information about his claims. *See id.*

On March 30, 2022, United States District Judge Kristine Baker declined to adopt Judge Deere's recommendation because McBride may not have received all the mail sent to him at the Pulaski County Detention Facility (Doc. No. 21). Judge Baker also noted that McBride had "failed to identify clearly for the Court the

individual defendants whom he wishes to sue." *Id.* at 2. McBride was instructed to submit a written filing within 30 days to "identify the individual or individuals he wishes to sue and explain to the Court in plain language what acts each individual took that Mr. McBride contends harmed him." *Id.*

McBride has filed two responses to Judge Baker's order (Doc. Nos. 23-24). He states that he is suing Pulaski County and Office of Sheriff Higgins as well as Turnkey Health, the company that employs the nurses he alleges denied him care. Doc. No. 24. In both responses, he mentions one other individual by name, Deputy Seruelo, but does not indicate that he wishes to sue him. Doc. Nos. 23-24. Rather, he states that Seruelo told him he called nurses and spoke with a sergeant about obtaining medical care for McBride. *Id.*

McBride has been given multiple opportunities to clearly name and describe the individuals or entities he wishes to sue. He has finally indicated that he wishes to sue the sheriff's office or Sheriff Higgins and Turnkey Health ("Turnkey"). However, for the reasons stated herein, McBride fails to describe a viable claim for relief and his complaint should be dismissed.

## II. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

In his response to Judge Baker's March 30, 2022 Order, McBride claims he did not receive adequate medical treatment and sues the office of Pulaski County

Sheriff Higgins. *See* Doc. No. 23. Neither the jail nor the sheriff's office are entities that may be sued. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). And McBride has not alleged any personal involvement on the part of Sheriff Higgins related to the claimed violation of his rights, nor has he alleged that Sheriff Higgins was personally notified of those violations and failed to take corrective action. To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). For these reasons, McBride fails to state a viable claim for relief against the Pulaski County Sheriff's Office or Sheriff Higgins.

McBride also fails to state an official capacity claim against Pulaski County. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir.

2013). Accordingly, a county can only be held liable for its employees' actions if a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). McBride does not assert that a custom or policy of Pulaski County was the moving force behind the violations he alleges.

Finally, McBride seeks to sue Turnkey as the employer of the nurses who denied him care. However, he has not pled any facts to support a claim against Turnkey in the various filings he has submitted so far. A corporation acting under color of state law cannot be held liable on a theory of *respondeat superior*, but may be held liable only for its own unconstitutional policies. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). That means that Turnkey can be held liable in this case only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993)). Because McBride has not described any policy, custom, or official action by Turnkey that caused him injury, he fails to state an actionable claim against Turnkey.

### IV. Conclusion

For the reasons stated herein, it is recommended that:

1.	McBride's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 27th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE