THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANTHONY MCBRIDE,**                                                                            **PLAINTIFF**
**ADC #62716**

**v.**                           **Case No. 4:20-cv-01507-KGB**

**DOES**                                                                                  **DEFENDANTS**

## ORDER

Before the Court is the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 26). Plaintiff Anthony McBride made an untitled filing after the Recommendation, which the Court construes as objections to the Recommendation (Dkt. No. 27). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 26).

Mr. McBride filed this complaint while incarcerated at the Pulaski County Detention Center (Dkt. No. 26, at 1). Mr. McBride's suit indicates that he wishes to sue Pulaski County, the office of Sheriff Higgins, and Turnkey Health ("Turnkey") (*Id.*, at 3). Mr. McBride claims in his suit that he did not receive adequate medical treatment while incarcerated (*Id.*, at 5). Judge Harris, in her Recommendation, recites the history of this case and the opportunities Mr. McBride has had to amend his complaint to describe a viable claim for relief. For the reasons set forth in the Recommendation, Mr. McBride has failed to do so. Therefore, the Court adopts the Recommendation as this Court's findings in all respects.

The Court writes separately to address Mr. McBride's objections (Dkt. No. 27). In the Recommendation Judge Harris finds that Mr. McBride fails to state a claim and that his complaint

should be dismissed (Dkt. No. 26, at 3).  The Recommendation states that Mr. McBride's claims against the Pulaski County Detention Center and the office of Sheriff Higgins must be dismissed because these are not entities that may be sued, that his claims against Pulaski County must be dismissed because he has not alleged a county custom or policy that was the moving force behind the alleged violation, and that his claims again Turnkey must be dismissed because he has not described any policy, custom, or official action by Turnkey that caused him injury (*Id.*, at 5-6).

In response, Mr. McBride clarifies that he is not suing Turnkey and intends only to sue the County and the office of Sheriff Higgins (Dkt. No. 27, at 1, 4).  However, Mr. McBride alleges no new facts and makes no new arguments regarding the liability of the County or the sheriff's office (*Id.*).  Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. McBride's objections break no new ground and fail to rebut the Recommendation.

For these reasons, the Court adopts the Recommendation as this Court's findings in all respects (Dkt. No. 26).  Therefore, it is ordered that:

1. Mr. McBride's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 2);

2. Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g);

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered, this 4th day of March, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge